*James, for appellee.*

---

### JAMES M. O'REAR *v.* N. P. TIPTON.

**New Trial—Newly Discovered Evidence.**

> Newly discovered evidence to constitute grounds for a new trial, must be such as was not within the knowledge of a defendant at the trial in the court below. And the affidavits must show conclusively that the defendant did not know of the existence of the newly discovered evidence at the time of the trial and that it would have been impossible for him to have used same.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

July 2, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The only cause assigned for a new trial was the discovery of evidence after the trial.

That the defendant was not surprised at the statement of James Tipton is evident from the fact that he had one witness, McCormick, to contradict him or rather to prove that the witness Tipton was not present at the time he located the conversation with O'Rear, in which the latter acknowledged that Adams had sent the money to N. P. Tipton by the defendant. The new evidence discovered, so far as the affiant Foster is concerned, only goes to corroborate McCormick and is really nothing new, and there is nothing in any of the affidavits to show that O'Rear did not know that Foster was present at the time spoken of by McCormick but the contrary is to be inferred, therefore it was negligence in O'Rear not to enquire of him what he knew and have him summoned if he desired the evidence.

The affiant Everett speaks of a conversation between James

Tipton and O'Rear at a different time and place, of course O'Rear knew of this conversation, and we must presume, in the absence of any contrary statement in his affidavit, knew who were present, besides, this could only be used in contradiction, for it could in no sense bar N. P. Tipton from recovery.

Everett also says he heard a conversation between O'Rear and N. P. Tipton, but there is nothing in either affidavit to show that O'Rear did not know that the affiant was present at both conversations and it is to be presumed he did know of his presence and his failure to have him summoned was laches.

Having risked a trial on the evidence of McCormick we see nothing to justify a new trial after an adverse judgment.

Wherefore the judgment is affirmed.